**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| JOHN B. ADRAIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:08-cv-423 |
| | § | |
| | § | **Jury Trial Demanded** |
| GENETEC INC.; PIPS TECHNOLOGY | § | |
| INC.; ELSAG NORTH AMERICA LLC; | § | |
| PLATESCAN, INC.; AND THE CITY OF | § | |
| PLANO, TEXAS. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ELSAG NORTH AMERICA LLC'S MOTION TO SEVER AND TO
TRANSFER THE ACTION TO THE MIDDLE DISTRICT OF NORTH CAROLINA
PURSUANT TO FED. R. CIV. P. 21 AND 28 U.S.C. § 1404**

Pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404, Defendant, Elsag North America LLC (hereinafter "Elsag") respectfully requests that this Court sever Elsag from this instant action and transfer venue to the United States District Court for the Middle District of North Carolina (hereinafter "M.D.N.C."). Party and witness convenience, coupled with the alleged patent infringement acts arising in the M.D.N.C., warrant severance and transfer of this case. Therefore, Elsag respectfully requests that this Court grant its Motion to Sever and Transfer.

**I.     INTRODUCTION**

Plaintiff John B. Adrain's filing of this action in the Eastern District of Texas against Elsag North America LLC ("Elsag") is a textbook example of forum shopping, since neither party has any connection with this forum. Adrain has improperly joined Elsag with three unrelated manufacturers of license plate recognition systems along with a user of such systems in this action. That is impermissible under Federal Rule of Civil Procedure 20. In addition, the private and public interest factors that the court should consider under 28 U.S.C. § 1404(a)

overwhelmingly favor transfer of the action against Elsag to the Middle District of North Carolina. Following the controlling precedent of *In re Volkswagon of America, Inc,* 545 F.3d 304 (5th Cir. 2008), and *In re TS Tech USA Corp.*, 2008 WL 5397522 (Fed. Cir. 2008), this action should be severed and transferred.

## II.     FACTUAL BACKGROUND

Elsag sets forth the following facts relevant to its motion to transfer.

### A.     The Lawsuit

Plaintiff John B. Adrain ("Adrain") is a resident of Spokane County, Washington. (Complaint at ¶ 1). On October 31, 2008, Adrain filed this patent infringement action against Elsag North America LLC ("Elsag"), Genetec, Inc. ("Genetec"), PIPS Technology Inc. ("PIPS"), Platescan, Inc. ("Platescan"), and the City of Plano, Texas ("City of Plano") accusing license plate recognition systems sold by Elsag, Genetec, Pips, and Platescan of infringing the sole asserted patent. (*See generally* Complaint). The City of Plano's use of license plate recognition systems manufactured by Platescan is also alleged to infringe the asserted patent. (Complaint at ¶ 11). No scheduling conference has been set in the case, and discovery has not begun.

### B.     The History of Elsag North America LLC

In or about 2004, Remington Arms Company, Inc. ("Remington") and Datamat S.p.A. formed a joint venture called Remington-Elsag. (Declaration of Ross C. Jureit at ¶ 3).[1] This company began developing and selling a mobile license plate recognition system called the Mobile Plate Hunter 900 ("MPH 900"). (Jureit Dec. at ¶ 4). In or about October of 2007, Remington relinquished any ownership interest in Elsag and the joint venture became a stand-alone limited liability company: Elsag North America LLC ("Elsag"), which has continued

---

[1] Elsag has submitted declarations from Ross C. Jureit (hereinafter "Jureit Dec.") and Stephen J. MacKenzie (hereinafter "MacKenzie Dec.") in support of its motion to sever and to transfer.

developing and selling the MPH 900 product at its facility in Greensboro, North Carolina. (Jureit Dec. at ¶¶ 5, 12).

While it was in existence, Remington-Elsag was managed by officers then with Remington. (Jureit Dec. at ¶ 6). These included Mr. Ronald Bristol, the former Chief Operating Officer of Remington and Mr. Steven Jackson, the Chief Financial Officer of Remington. (Id. at ¶ 6). Mr. Bristol is no longer affiliated with either Remington or Elsag, but presently resides in the Greensboro, North Carolina area. (Jureit Dec. at ¶ 7). Mr. Jackson also resides in the Greensboro, North Carolina area. (Jureit Dec. at ¶ 8).

      C.      <u>Elsag's Activities Are Based In North Carolina</u>

Elsag has its principal place of business in Greensboro, North Carolina. (Complaint at ¶ 4; Jureit Dec. at ¶ 10). Elsag is a separate corporation from, and is wholly unrelated to, the other defendants in this action: Genetec, PIPS, Platescan, and the City of Plano. (Jureit Dec. at ¶ 11). In addition, Elsag's MPH 900 was created independently of any products sold by the other defendants. (Jureit Dec. at ¶ 13).

Elsag's activities in connection with the development and manufacture of the MPH 900 are based in North Carolina. Specifically, Elsag's research and development, manufacture and assembly, and testing and evaluation of the MPH 900 all take place in Greensboro, North Carolina. (Jureit Dec. at ¶¶ 15-17). Documents relating to the design, features, and operation of Elsag's MPH 900 and development thereof are located in Greensboro, North Carolina, as are the witnesses knowledgeable about the MPH 900. (Jureit Dec. at ¶ 17).

      D.      <u>Relevant Third Party Witnesses are Based in North Carolina</u>

There are several relevant third party witnesses that reside in the Greensboro, North Carolina area. These include Mr. Ron Bristol, the former Chief Operating Officer of Remington

who ran the Remington-Elsag joint venture.  He is knowledgeable about the Remington-Elsag joint venture's first sales of the mobile license plate recognition system and facts underlying a reasonable royalty analysis under *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).  Other witnesses with knowledge of such early sales and facts underlying a reasonable royalty analysis also potentially include Mr. Steven Jackson at Remington.

Further, Elsag involves third parties in the design and manufacture of the MPH 900 System.  (Jureit Dec. at ¶ 18).  For example, outside design/development firms Techmor Inc. and T2 Design Studio both have been involved in changes and further developments to the MPH 900 design and/or various features thereof.  (Jureit Dec. at ¶ 19).  Both of these companies are independent of and unrelated to Elsag.  (Jureit Dec. at ¶ 20).  These companies are also located in the Greensboro, North Carolina area.  (Jureit Dec. at ¶ 21).

      E.      <u>Judicial Statistics Favor A Motion to Transfer</u>

At the present time, the number of cases pending in the Middle District of North Carolina is about 801, down about 18.3% from 2007 pending cases (as of March 2008), while the Eastern District of Texas has upwards of 2768 pending cases (as of March 2008), an increase of about 8% over 2007 pending cases.  (MacKenzie Dec. at ¶ 3).  As a result of such disparate case loads, the time to trial in the Middle District of North Carolina is far faster than it is in the Eastern District of Texas.  Judicial statistics for the Middle District of North Carolina show that the time from filing to trial is 18 months.  (MacKenzie Dec. at ¶ 4).  In contrast, recent reports on the Eastern District of Texas reveal a time to trial of 3.5 years (i.e., 41 months).  (MacKenzie Dec. at ¶ 5).

### III. ADRAIN'S CLAIM AGAINST ELSAG SHOULD BE SEVERED UNDER FED. R. CIV. P. 21.

Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants  It provides:

> Persons – as well as a vessel, cargo, or other property subject to admiralty process in rem – may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of *the same transaction, occurrence or series of transactions or occurrences*; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(emphasis supplied).  However, Federal Rule of Civil Procedure 21 also permits this Court to sever misjoined parties.

Adrain's only basis for joining Elsag with the other manufacturers in this case is that each is alleged to infringe the asserted patent by the sale of their respective license plate recognition systems.  However, Adrain makes no showing of proof that such systems are substantially the same, much less even being similar under the asserted patent.  Courts have repeatedly held that this is not a proper basis for joinder under Rule 20(a) and that these claims should be severed under Fed. R. Civ. P. 21.  *Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122 (S.D.N.Y. 2003) (granting motion to sever and transfer action for patent infringement to the U.S. District Courts for the Northern District of Georgia and Eastern District of Wisconsin, respectively, where the different Defendants were located, despite alleged sales in New York, where only real contact with N.Y. forum was the location of Plaintiff's counsel).  Specifically, the *Pergo* Court held that:

> [T]he fact that two parties may manufacture or sell similar products, and that these sales or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).

*Id. at 128.  See also Reid v. General Motors Corp.*, 240 F.R.D. 260 (E.D. Tex. 2007) ("Allegations of infringement against two unrelated parties based on different acts do not arise

from the same transaction"); *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620 (N.D. Ill. 1998) (holding that the common transaction requirement is not met when defendants are separate companies that independently design, manufacture, and sell different products in competition with each other); *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358 (D. Del. 1983).  Since Elsag is a separate entity from the other defendants and independently designs, manufactures, and sells the MPH 900, Adrain's action against Elsag should be severed from Adrain's action against the other defendants.

**IV.   ADRAIN'S ACTION AGAINST ELSAG SHOULD BE TRANSFERRED**

Section 1404(a) of Title 28 provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  The threshold question under § 1404(a) is whether Adrain's action against Elsag could have been brought in the Middle District of North Carolina.  Here, there is no disputing that this case could have been brought in the Middle District of North Carolina: Elsag has its principal place of business there and develops and manufactures the MPH 900 there.  After meeting the threshold inquiry by showing that the case could have been brought in the transferee forum, a party seeking transfer of venue must show good cause for the transfer.  *In re Volkswagon of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).  That burden is met when the moving party clearly demonstrates that a transfer is "for the convenience of the parties and witnesses and in the interests of justice."  *Id.*  When evaluating a transfer motion, a court should consider a series of factors relating to the private and public interests.  *Id.*

The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of

attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

### A.   THE PRIVATE INTEREST FACTORS FAVOR TRANSFER

The private interest factors applicable in this case overwhelmingly favor transfer to the Middle District of North Carolina. Each is addressed in turn:

(1)   The relative ease of access to sources of proof

Elsag's research and development, manufacture and assembly, and testing and evaluation of the MPH 900 takes place in Greensboro, North Carolina, not in Texas. The knowledgeable witnesses (both Elsag employees and third parties) and relevant documents also are located in North Carolina. The Fifth Circuit has emphasized that the location of evidence and witnesses is a "meaningful factor" in the transfer analysis and must be given weight. *In re Volkswagen of America, Inc.,* 545 F.3d at 318.

In contrast to Elsag, Adrain is a resident of Washington State with no apparent contacts with the Eastern District of Texas other than having counsel there. Thus, Adrain must bring his witnesses and documentary evidence to either forum for trial. As a result, this factor weighs heavily in favor of transfer.

(2)   The availability of compulsory process to secure the attendance of witnesses

Compulsory process is available in the Middle District of North Carolina for Elsag's witnesses and the third parties knowledgeable about Elsag's manufacture and sale of the MPH

900. These third parties include the former Chief Operating Officer of Remington, as well as third party design companies that have assisted, and which currently are assisting in the design and continued development of the MPH 900. *See supra* at page 4. In contrast, compulsory process over such third parties is not available in the Eastern District of Texas for these witnesses.

In *Volkswagen*, the Fifth Circuit emphasized the desirability of a forum that enjoyed *absolute* subpoena power for both depositions and the trial. *In re Volkswagen of America, Inc.*, 545 F.3d at 316. That district is the Middle District of North Carolina. All of the relevant Elsag witnesses and third party witnesses are available for deposition and trial in that district. Given that Adrain has requested a jury trial, there is a strong preference for using live witnesses at trial as opposed to using transcripts or videotapes of depositions. This factor therefore also weighs heavily in favor of transfer.

     (3)  <u>The cost of attendance for willing witnesses</u>

Attendance in the Eastern District of Texas for Elsag's witnesses and the third party witnesses in Texas is unduly burdensome, especially considering the "100 mile rule" articulated in *Volkswagen AG*. 371 F.3d at 204-05. According to the Fifth Circuit, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen of America, Inc.*, 545 F.3d at 317.

The distance between Greensboro, North Carolina and Marshal Texas is nearly 1000 miles. (Mackenzie Dec. at ¶ 6). This is almost 10 times greater than the "100 mile rule" articulated by the Fifth Circuit in the *Volkswagen* cases. All of the Elsag witnesses and third

party witnesses will have to bear airfare, hotel, and meals to travel to the forum. As a result, this factor also weighs heavily in favor of transfer.[2]

   (4) <u>Other practical problems that make trial of a case easy, expeditious and inexpensive favor transfer</u>

This factor also weighs in favor of transfer of the claims against Elsag to North Carolina. For example, the jury in Greensboro can see Elsag's production facility and witness first hand how the devices are assembled. They cannot do this in Texas.

  **B.** **THE PUBLIC INTEREST FACTORS FAVOR TRANSFER**

The public interest factors also heavily favor transfer. Each will be discussed in turn:

   (1) <u>The administrative difficulties flowing from court congestion</u>

The Middle District of North Carolina has a significantly smaller caseload and thus has a far faster time to trial than does the Eastern District of Texas. (MacKenzie Dec. at ¶¶ 3-6). This factor weighs heavily in favor of severing and transfer of the claims against Elsag since this dispute will be resolved much more quickly in North Carolina than it will be in Texas.

   (2) <u>The preference in having localized interests decided at home</u>

There is no local interest in deciding Adrain's claim in Texas. Neither Adrain nor Elsag is a resident of this district. (Complaint at ¶ 1). Adrain is a resident of Spokane County, Washington. (*See id.*) In contrast, Elsag's principal place of business is in Greensboro North Carolina. The Middle District of North Carolina therefore has a much stronger interest in deciding this dispute involving one of its forum residents.

---

[2] Adrain is a resident of Spokane Washington and thus will have to travel to <u>either</u> forum for trial. These forums are roughly equidistant from his residence in Washington State. (MacKenzie Dec. at ¶¶ 7, 8). Airfare costs from Spokane to both forums are approximately the same, with the cost to Greensboro being slightly less than the cost to Marshall. (MacKenzie Dec. at ¶¶ 9-11). As a result, both forums are equally convenient for Adrain.

Although Adrain has alleged that the defendants including Elsag have committed alleged acts of patent infringement in this District (Complaint at ¶¶ 9 & 10) such bare allegations are insufficient to create an interest in Texas for deciding this dispute. *In re TS Tech USA Corp.*, 2008 WL 5397522 at *4. As the *TS Tech* court noted, the fact that alleged infringement has taken place in Texas does not create any greater interest in having the dispute decided here as opposed to another forum. *Id*. Elsag has made sales of the MPH 900 in many states, but its base of operations is in the Middle District of North Carolina. (Jureit Dec. at ¶¶ 10-17). This factor accordingly also weighs in favor of transfer.

   (3) <u>Familiarity of the forum with the law that will govern the case</u>

This factor is neutral in the transfer analysis because both the Middle District of North Carolina and the Eastern District of Texas both are familiar with patent law. *Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Commc'ns Co.*, 402 F.Supp.2d 731, 737 (E.D. Tex. 2005).

   (4) <u>Avoidance of unnecessary problems of conflict of laws or in the application of foreign law</u>

This factor is inapplicable in patent cases. *Id.*

**V. CONCLUSION**

For the reasons set forth above, Elsag respectfully requests that this Court sever Adrain's action against Elsag from Adrain's actions against the other defendants and transfer Adrain's action against Elsag to the United States District Court for the Middle District of North Carolina.

Dated:  February 5, 2009                        Respectfully submitted,

    /s/  Roy W. Hardin_____
Roy W. Hardin (Texas Bar No. 08968300)
LOCKE, LORD, BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800
Email:  rhardin@lockelord.com

**ATTORNEYS FOR DEFENDANT
ELSAG NORTH AMERICA LLC**

**CERTIFICATE OF SERVICE**

I, Roy W. Hardin, hereby certify that on February 5, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on February 5, 2009, the attached document was electronically mailed on the following:

| | |
|---|---|
| Elizabeth L. DeRieux, Esquire<br>S. Calvin Capshaw<br>Capshaw DeRieux, LLP<br>1127 Judson Road, Suite 220<br>Longview, TX 75601-5157<br>ederieux@capshawlaw.com<br>ccapshaw@mailbmc.com<br>Phone:  903-236-9800<br>Fax:  903-236-8787<br><br>Jeffrey Scott David, Esquire<br>John T. Polasek, Esquire<br>Polasek, Quisenberry & Errington, LLP<br>6750 West Loop South, Suite 920<br>Bellaire, TX  77401<br>jdavid@pqelaw.com<br>tpolasek@pqelaw.com<br>Phone:  832-778-6000<br>Fax:  832-778-6010<br><br>Attorneys for Plaintiff John B. Adrian | Ruffin B. Cordell, Esquire<br>Andrew R. Kopsidas, Esquire<br>Michael C. Tyler, Esquire<br>Fish & Richardson PC<br>1425 K Street, NW, Suite 1100<br>Washington, DC 20005<br>cordell@fr.com<br>kopsidas@fr.com<br>tyler@fr.com<br>Phone: 202-783-5070<br>Fax:  202-783-2331<br><br>Attorneys for PIPS Technology, Inc. |

| | |
|---|---|
| Paul K. Pearce, Jr., Esquire<br>Matthews Stein Shiels Pearce Knott<br>Eden & Davis LLP<br>8131 LBJ Freeway, Suite 700<br>Dallas, TX 75251<br>ppearcej@mssattorneys.com<br>Phone:  972-234-3400<br>Fax:  972-234-1750<br><br>Attorney for The City of Plano, Texas | Roy B. Thompson, Esquire<br>Pacific Patent Law Group<br>15938 SW Quarry Road, B-6<br>Lake Oswego, OR 97035<br>roythompson@comcast.net<br>Phone:  503-245-6600<br>Fax:  503-244-8399<br><br>Mark S. Hubert, Esquire<br>Pacific Patent Law Group<br>516 SE Morrison, Suite 1200<br>Portland, OR 97214<br>mark@pplawgroup.com<br>Phone:  503-234-7711<br>Fax:  502-224-0092<br><br>Rick Klingbert<br>Rick Klingbert, PC<br>520 SW Sixth, Suite 950<br>Portland, OR 97204<br>rick@klingbert-law.com<br>Phone: 503-473-8565<br>Fax:  503-546-0598<br><br>Attorneys for Platescan, Inc. |

　　　　　　　　　　　　　　　　　　　　　　 /s/ Roy W. Hardin