IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN B. ADRAIN | § | |
| | § | |
| vs. | § | |
| | § | CASE NO. 2:08-CV-423 |
| GENETEC INC.; PIPS TECHNOLOGY INC.; | § | |
| ELSAG NORTH AMERICA LLC; | § | |
| PLATESCAN, INC.; and THE CITY OF | § | |
| PLANO, TEXAS | | |

## MEMORANDUM OPINION

**I.     Introduction**

This case involves alleged infringement of U.S. Patent No. 5,831,669 ("the '669 patent"), issued to the plaintiff John B. Adrain. Currently pending before the court is the defendant Elsag North America LLC's ("Elsag") motion to sever Elsag and transfer venue (Dkt. No. 44). For the reasons discussed below, the court **DENIES** both of Elsag's motions.

**II.    Factual and Procedural Background**

On October 31, 2008, Mr. Adrain filed his complaint, alleging that Genetec Inc., Pips Technology Inc., Elsag North America LLC, PlateScan, Inc, and The City of Plano, Texas (collectively, "the defendants") infringed the '669 patent. Subsequently, Elsag filed a motion to sever Elsag from this action and to transfer venue. Elsag requests severance under Rule 21 because the plaintiff improperly joined Elsag as a defendant in this case. Elsag contends that Mr. Adrain has not shown that the defendants' allegedly infringing systems are substantially the same, and thus the plaintiff's right to relief against each defendant does not arise from "the same transaction, occurrence, or series of transactions or occurrences." *See* Fed. R. Civ. P.

20(a)(2)(A). Elsag then asks this court, pursuant to 28 U.S.C. § 1404(a), to transfer venue to the Middle District of North Carolina "for the convenience of the of the parties and witnesses and in the interests of justice."

## III. Analysis

### A. Applicable Law Regarding Joinder and Motions to Sever

Because joinder and motions to sever do not involve substantive issues of patent law, Fifth Circuit law applies to Elsag's motion. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Rule 21 allows the court to sever any claim against a party. Fed. R. Civ. P. 21. The district court has broad discretion in deciding whether to sever. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000). One justification for severance is the misjoinder of a party.

A plaintiff may join multiple defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The Federal Rules of Civil Procedure strongly encourage joinder of claims, parties, and remedies. *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). "The district court has broad discretion in determining the propriety of joining or continuing a particular party as a defendant." *Williams v. Hoyt*, 556 F.2d 1336, 1341 (5th Cir. 1977).

The Fifth Circuit has not endorsed a specific test to determine what is "the same transaction or occurrence" under Rule 20(a)(2). *Perez v. Grupo TMM, S.A.B.*, 2009 WL 926991, at *4 (S.D. Tex. Apr. 1, 2009). Several district courts in this circuit, however, have applied the Eighth Circuit's "logically related" test espoused in *Moseley v. General Motors Corp.*, 497 F.2d

1330, 1332-33 (8th Cir. 1974). *E.g.*, *Perez*, 2009 WL 926991, at *4; *Akhtar v. U.S. Dep't of Homeland Sec.*, 2007 WL 4445236, at *4 (N.D. Tex. Dec. 17, 2007); *Norwood v. Raytheon Co.*, 2007 WL 2408480, at *2-3 (W.D. Tex. May 1, 2007); *Hanley v. First Investors Corp.*, 151 F.R.D. 76, 78-79 (E.D. Tex. 1993). As to the second prong of Rule 20(a)(2), common question of law or fact, not all of the facts must be common to every defendant; joinder is appropriate so long as there is a common question of fact of law among all the defendants. *See Nor-Tex Agencies, Inc. v. Jones*, 482 F.2d 1093, 1100 (5th Cir. 1973).

### A. Joinder: Same Transaction or Occurrence

Elsag argues that it is improperly joined in this action because the sale of allegedly infringing products by unrelated companies does not satisfy the "same transaction or occurrence" requirement. In response, Mr. Adrain contends that his infringement claims against each defendant "arise out of the same series of transactions or occurrences, are logically related, and share a nucleus of operative facts and law."

The court is persuaded that the Elsag's and the other defendants' alleged acts of infringement do arise out of the same transaction or occurrence. In *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004), the court held the same transaction or occurrence requirement was satisfied in a patent infringement case involving several unrelated defendants.[1] *MyMail* declined to adopt a bright line rule that alleged acts of infringement by unrelated parties are not part of the same transaction or occurrence. *Id.* at 457. Instead, the court applied the logical relationship test and held that "a logical relationship exists" between the alleged acts of infringement "if there is some nucleus of operative facts or law." *Id.* at 456. Because the record

---

[1] Elsag argues that *MyMail* should be distinguished or overruled in the light of *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008). *TS Tech* addressed venue and motions to transfer, and its holding does not disturb *MyMail*'s analysis of joinder.

did not show that the defendants' methods or products were dramatically different, *MyMail* held that there was a nucleus of facts or law, so the same transaction or occurrence test was satisfied. *Id.* at 457.

Like the defendants in *MyMail*, Elsag has been joined with other unrelated defendants whose products are accused of infringing the same patent. Here, each of the defendants sells a license plate recognition system that allegedly infringes claims 1 and 7 of the '669 patent. The similarity of the defendants' products is sufficient to satisfy the nucleus of fact or law test. Thus, Elsag's and the other defendants' alleged infringement arises out of same transaction or occurrence.

### B. Joinder: Common Question of Law or Fact

Elsag does not contest the second prong of joinder–common question of law or fact. The validity and scope of the '669 patent is a question common to all of the defendants in this case. Therefore, the second prong has been satisfied, and the court concludes that Mr. Adrain properly joined Elsag as a defendant in this case.

### C. Motion to Sever

Although there is no misjoinder of Elsag under Rule 20(a)(2), this court still has discretion under Rule 21 to sever a properly joined party. *See MyMail*, 223 F.R.D. at 456. Elsag urges the court to grant the motion to sever so that the claim against Elsag may be transferred to the Middle District of North Carolina.

Severing this case and creating multiple lawsuits would create problems that outweigh any alleged inconvenience of Elsag defending a suit in this forum. The Federal Circuit recently held in *In re Volkswagen II* that creation of multiple lawsuits is a "paramount consideration" weighing against transfer. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).

"As the Supreme Court [has] noted . . . , '[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'". *Id.* (quoting *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960)) (citations omitted). The likely result of granting Elsag's motion to sever and transfer would be the division of this single action into five separate suits scattered across the country. Addressing an almost identical situation in *Centre One v. Vonage Holdings Corp.*, 2009 WL 2461003 (E.D. Tex. Aug. 10, 2009), the court explained:

> Severing and transferring [the defendant]'s case to the District of New Jersey may be much more convenient for [the defendant]. However, it would impose a burden on both the federal court system and [the plaintiff] to maintain two suits with substantially the same issues in two different venues across the country. This is exactly the kind of inefficiency that severance and, to a lesser extent, § 1404(a) transfer was designed to prevent. [The defendant] has presented no valid reason to sever its case besides its own convenience. However, [the defendant]'s convenience alone fails to outweigh the glaring inefficiency of prosecuting two, nearly identical, complex patent infringement cases in different fora. Accordingly, [the defendant]'s motion to sever is denied . . . .

*Id.* at *7. Likewise, the division of the case into multiple suits may be more convenient for Elsag, but it would impose a significant burden on the plaintiff, witnesses, and the federal court system. In addition to the burden on the courts, the existence of multiple lawsuits interpreting the same patent creates an unnecessary risk of inconsistent claim construction and adjudication. *See Invitrogen Corp. v. Gen. Elec. Co.*, 2009 WL 331891, at *4 (E.D. Tex. Feb. 9, 2009); *Volkswagen of Am., Inc. v. MHL Tek, LLC*, 2008 WL 2609828, at *2 (E.D. Mich. June 30, 2008); *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 596 (N.D. Tex. 2003); *see also Regents of Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 n.3 (Fed. Cir. 1997). Therefore, the court is not persuaded to sever the claims against Elsag.

## IV. Conclusion

For all the foregoing reasons, the court **DENIES** the motion to sever. The motion to transfer was conditioned upon the motion to sever. Even though the court denied the motion to sever, the court has independently reviewed the motion to transfer in light of *In re Volkswagen of America, Inc.*, 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); and *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc). The court is persuaded that the motion to transfer should be **DENIED** (Dkt. No. 44). *See In re Volkswagen*, 566 F.3d at 1351 (declaring that "the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice").

SIGNED this 22nd day of September, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE