IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

JOHN B. ADRAIN §
 §
vs. §
 § CASE NO. 2:08-CV-423
GENETEC INC.; PIPS TECHNOLOGY INC.; §
ELSAG NORTH AMERICA LLC; §
PLATESCAN, INC.; and THE CITY OF §
PLANO, TEXAS

**MEMORANDUM OPINION AND ORDER**

I. **Introduction**

This case involves alleged infringement of U.S. Patent No. 5,831,669 ("the '669 patent"), issued to the plaintiff John B. Adrain. Currently pending is Mr. Adrain's motion to dismiss (Dkt. No. 41) the inequitable conduct defense and the tortious interference counterclaim brought by the defendant PlateScan, Inc. ("PlateScan"). For the reasons discussed below, the motion is GRANTED. PlateScan is also granted leave to cure the deficiencies identified herein.

II. **Factual and Procedural Background**

On October 31, 2008, Mr. Adrain filed his complaint, alleging that Genetec Inc., Pips Technology Inc., Elsag North America LLC, PlateScan, Inc, and The City of Plano, Texas (collectively, "the defendants") infringed the '669 patent. Subsequently, PlateScan answered Mr. Adrain's complaint and asserted various affirmative defenses and counterclaims. One of PlateScan's defenses is that inequitable conduct during patent prosecution has rendered the '669 patent is unenforceable. Mr. Adrain has moved under Fed. R. Civ. P. 12(b)(6) to dismiss the inequitable conduct defense because PlateScan's allegation lacks the particularity required by

Fed. R. Civ. P. 9(b).[1]  In a counterclaim, PlateScan also alleges that Mr. Adrain is liable for tortious interference with an existing business relationship because Mr. Adrain's infringement suit against The City of Plano, Texas ("Plano") thwarted PlateScan's potential sale to Plano.  Mr. Adrain has moved under Fed. R. Civ. P. 12(b)(6) to dismiss PlateScan's counterclaim because PlateScan has failed to plead both an unlawful action, which is required under Texas law, and bad faith, which is necessary to avoid federal preemption.

## III. Analysis

### A. Applicable Law Regarding Motions to Dismiss

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  Motions to dismiss are purely procedural questions, to which the Federal Circuit applies the law of the regional circuit.  *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009).  Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In contrast, for allegations of fraud or mistake, Rule 9(b) requires the pleader to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b); *Flaherty v. Crumrine Preferred Income Fund, Inc.*, 565 F.3d 200, 206-07 (5th Cir. 2009).  The Fifth Circuit strictly

---

[1] Mr. Adrain moves to "strike and/or dismiss" the inequitable conduct claim.  The court will treat the plaintiff's motion as a Rule 12(b)(6) motion to dismiss.

interprets Rule 9(b), so the pleader must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty*, 565 F.3d at 207.

### B. Inequitable Conduct

Paragraph 29(q) of PlateScan's Answer alleges that Mr. Adrain engaged in inequitable conduct. PlateScan's inequitable conduct argument consists of the following sentence: "Plaintiff failed to comply with his duty of disclosure to the Patent Office during the prosecution of the patent." Mr. Adrain contends that allegations of inequitable conduct are subject to the heightened pleading requirements of Rule 9(b), and as such, PlateScan's pleading is insufficient. PlateScan argues that its inequitable conduct pleading does not allege fraud, so Rule 9(b)'s heightened standard does not apply.

The court is persuaded that Rule 9(b)'s pleading requirements apply to pleas of inequitable conduct. The Federal Circuit requires inequitable conduct to be pled with particularity, *Cent. Admixture Pharmacy Svcs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356-57 (Fed. Cir. 2007); *Ferguson Beauregard/Logic Controls, Inc. v. Mega Sys., Inc.*, 350 F.3d 1327, 1344 (Fed. Cir. 2003), and the vast majority of district courts apply Rule 9(b)'s heightened pleading requirement to inequitable conduct allegations–including those that do not allege fraud.[2]

---

[2] *See Chiron Corp. v. Abbott Labs.*, 156 F.R.D. 219, 221 (N.D. Cal. 1994) ("Although the Federal Circuit has acknowledged that inequitable conduct is broader than common law fraud and encompasses other inequitable conduct rendering the patent unenforceable, ... this technical distinction is not relevant to the question of how the affirmative defense must be pled."); *see, e.g.*, *Miller Pipeline Corp. v. British Gas PLC*, 69 F. Supp. 2d 1129, 1135 (S.D. Ind. 1999); *Regents of the Univ. of Cal. v. Oncor Inc.*, 1997 WL 670674, at *11 (N.D. Cal. Aug. 19, 1997); *Laitram Corp. v. Oki Elec. Indus. Co.*, 1994 WL 43823, at *3 (E.D. La. Feb. 10, 1994).

PlateScan's one sentence pleading does not satisfy Rule 9(b)'s heightened pleading requirement because it provides no factual support for the inequitable conduct allegation. For example, the defendant has not identified what information Mr. Adrain failed to disclose nor argued why the non-disclosure constitutes inequitable conduct. Because PlateScan's inequitable conduct plea is insufficient, this claim is dismissed. PlateScan should, however, be granted leave to amend within 14 days to cure this deficiency.

### C. Tortious Interference with an Existing Business Relationship

Paragraphs 31-34 of PlateScan's Answer state a counterclaim against Mr. Adrain for tortious interference with an existing business relationship. According to PlateScan, Mr. Adrain needlessly and intentionally sued Plano to interfere with the existing business relationship between PlateScan and Plano, and this suit thwarted PlateScan's potential sale to Plano. Mr. Adrain provides two arguments why this counterclaim should be dismissed. First, PlateScan does not claim that Mr. Adrain's suit was brought in bad faith, so the counterclaim is preempted by federal law. Second, PlateScan has not alleged that the plaintiff's suit against Plano was an unlawful action, which is one of the required elements of the tort claim.

#### 1. *Bad Faith*

PlateScan's counterclaim sufficiently alleges bad faith, so the tortious interference counterclaim is not preempted. State law tortious interference claims are preempted by federal patent law unless the claimant demonstrates that the patent holder acted in "bad faith." *800 Adept, Inc. v. Murex Sec., Ltd.*, 539 F.3d 1354, 1369 (Fed. Cir. 2008). "Patents would be of little value if infringers of them could not be notified of the consequences of infringement, or proceeded against in the courts." *Virtue v. Creamery Package Mfg. Co.*, 227 U.S. 8, 37-38 (1913).

PlateScan acknowledges that federal patent law preempts tortious interference claims, but it contends that preemption does not apply to its counterclaim. In essence, PlateScan argues that Mr. Adrain's allegedly tortious patent infringement suit against Plano is "wholly apart from the issue of patent law." This assertion is without merit. The Federal Circuit in *800 Adept* addressed a situation almost identical to the present one, where a plaintiff asserted patent claims against a defendant's customers, and the defendant counterclaimed for tortious interference. *800 Adept*, 539 F.3d at 1369. In that case, the Federal Circuit held that federal patent law preemption applies. *Id.* Likewise in this case, absent an exception, federal preemption applies to Platescan's tortious interference counterclaim.

Bad faith is an exception to the general rule that federal patent law preempts tortious interference counterclaims. *Id.* Mr. Adrain argues that the tortious interference counterclaim is preempted because "PlateScan cannot and has not alleged or shown any set of facts that constitute bad faith" and "PlateScan has no evidence of bad faith." Specific facts and evidence do not have to be pled in PlateScan's counterclaim, however; only a "short and plain statement of the claim" is necessary. *See* Fed. R. Civ. P. 8(a)(2). PlateScan has alleged that Mr. Adrain's intent was to interfere with the business relationship between PlateScan and Plano. At this stage, this allegation is sufficient to support a claim of bad faith. After completion of discovery, if PlateScan is unable to provide sufficient facts and evidence demonstrating bad faith, Mr. Adrain may move for summary judgment on the issue of preemption.

    2.  *Unlawful Action*

PlateScan's tortious interference plea is nevertheless insufficient because it does not allege that any of the plaintiff's acts are independently unlawful. Under Texas law, the elements of interference with an existing business relationship are (1) unlawful actions undertaken without

a legal right or justifiable excuse, (2) with intent to harm, (3) resulting actual harm or damage, *Am. Med. Int'l, Inc. v. Giurintano*, 821 S.W.2d 331, 335 (Tex. App.–Houston [14th Dist.] 1991, no writ), and (4) the actions were motivated by malice, *CF&I Steel Corp. v. Pete Sublett & Co.*, 623 S.W.2d 709, 715 (Tex. Civ. App.–Houston [1st Dist.] 1981, writ ref'd n.r.e.). The unlawful action must be independently tortious or unlawful, that is, the act is "already recognized to be wrongful under the common law or by statute." *See Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 713 (Tex. 2001) (analyzing the unlawful action requirement for interference with prospective business or contractual relationships).

PlateScan's counterclaim states that the plaintiff's suit is an "unwarranted action," which constitutes "tortious and wrongful interference." But the pleading does not allege any act that, in and of itself, is tortious and unlawful. PlateScan's circular reasoning that "it was tortious interference with business relationships to needlessly bring the City of Plano into this action as a defendant, in order to interfere with the relationship between PlateScan and its customer" does not state an independent unlawful act. Because PlateScan fails to allege a necessary element of the cause of action, the tortious interference counterclaim is dismissed. The plaintiff is granted leave to amend within 14 days to cure this deficiency.

## IV. Conclusion

For all the foregoing reasons, the motion to dismiss (Dkt. No. 41) is granted, with leave to PlateScan to amend its complaint within 14 days.

SIGNED this 30th day of September, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE